BARRIOS INVESTMENTS, LLC

VERSUS

LINH TRAN

NO. 23-CA-155

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 831-594, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

December 20, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Marc E. Johnson

**AFFIRMED**
    **MEJ**
    **FHW**
    **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
BARRIOS INVESTMENTS, LLC
James E. Uschold
Mark J. Boudreau
Paul W. Pritchett

COUNSEL FOR DEFENDANT/APPELLANT,
LINH TRAN
Connie P. Trieu

**JOHNSON, J.**

Defendant/Appellant, Linh Tran, appeals a final default judgment concerning the quieting of a tax sale title in favor of Plaintiff/Appellee, Barrios Investments, LLC (hereinafter referred to as "Barrios Investments"), rendered against her in the 24th Judicial District Court, Division "J". For the following reasons, we affirm the trial court's final default judgment.

## FACTS AND PROCEDURAL HISTORY

On June 28, 2011, Todd Cruice and his wife, Karen Zartman—the former owners of the property at issue—executed an "Act of Cash Sale," wherein they sold the property located at 2600 Cerritas Via in Harvey, Louisiana to Ms. Tran for $155,000. The following year, on June 17, 2012, the Parish of Jefferson, through Newell Normand, the Sheriff and Ex-officio Tax Collector, sold the 2600 Cerritas Via property to Barrios Investments *via* a tax sale for unpaid property taxes in the amount of $1,021.90 for the 2011 tax year. The tax sale certificate listed the address of the property and "CRUICE, TODD E & KAREN Z CRUICE" as the owners. The tax sale certificate stated that Barrios Investments complied with the terms of the sale and became the purchaser of the tax sale title to 100% of the property or the undivided interest of the tax debtor. In a letter dated January 13, 2015, Barrios Investments notified Ms. Tran of the tax sale of the property and provided her with information concerning the redemptive period.[1]

Many years later, on August 16, 2022, Barrios Investments filed a "Petition to Confirm and Quiet Tax Sale Title and for Declaratory Judgment" against Ms. Tran.[2] In the petition, Barrios Investment alleged that it acquired the 2600 Cerritas

---

[1] The "Certificate of Mailing" is dated January 16, 2015.

[2] La. R.S. 47:2266(A)(1) provides, "After expiration of the redemptive period, an acquiring person may institute an ordinary proceeding against the tax sale parties whose interests the petitioner seeks to be terminated." A "tax sale party" includes the owner of the property, specifically the owner of record at the time of the tax sale as shown in the conveyance records of the appropriate parish. La. R.S. 47:2122(16). Barrios Investments instituted the instant action solely against Ms. Tran. The mortgage and conveyance records for the Parish of Jefferson showed Ms. Tran as the owner property at the time of the

Via property by virtue of a valid tax sale, and the redemption period expired on June 18, 2015 without redemption by Ms. Tran. It further alleged that notice of the tax sale was sent to Ms. Tran, at least, six months prior the expiration of the redemptive period. Barrios Investments sought to confirm and quiet its title to a 100% interest in the property, resulting in the termination of Ms. Tran's interest. It attached a certified copy of the tax sale certificate and the notice of the tax sale[3] to its petition. The petition was served by domiciliary service upon Denise Nguyen by the Jefferson Parish Sherriff's Office on August 19, 2022.

On November 9, 2022, Barrios Investments filed a motion for default judgment against Ms. Tran. The motion alleged that Ms. Tran was notified of Barrios Investments' intent to seek a default judgment by certified mail and first class mail. It asserted that the tracking information for the certified mail indicated that the letter was "Awaiting Delivery Scan." It further asserted that the first class letter was not returned by the post office and was presumed to have been delivered. Barrios Investments also alleged that seven days had passed without any filing of an extension or a responsive pleading by Ms. Tran.

In regards to the merits of the motion for default judgment, Barrios Investment argued that it was entitled to a judgment in its favor pursuant to La. R.S. 47:2155(B). It averred that the presentation of the certified copy of the tax sale certificate was *prima facie* evidence of the presumption of the validity of the tax sale, and no evidence had been submitted to rebut that presumption. In addition, it averred that the redemption period had expired without timely redemption of the property by Ms. Tran, requiring the termination of her interest in the property. Barrios Investments attached the following exhibits to support its

_____

tax sale through the 2011 act of cash sale. Thus, Ms. Tran was the proper tax sale party to be sued as a defendant, even though her name was not listed on the tax sale certificate.

[3] The "Notice of Tax Sale" does not contain a date. Next to the "Date of Notice," the notice states, "Date of service by process server." However, there was nothing attached to indicate the date the notice was sent by Barrios Investments to Ms. Tran.

motion: a copy of the act of sale of the property; a certified copy of the tax sale certificate; the January 13, 2015 letter notifying Ms. Tran of the tax sale; a return copy of the August 19, 2022 service of the citation; a copy of a letter dated October 19, 2022 notifying Ms. Tran of its intent to obtain a default judgment; and a printout of the "Certified Mail Tracking," indicating that a parcel was mailed to Ms. Tran on October 19, 2022 and was awaiting a delivery scan.

A confirmation hearing on the motion for default judgment was held on November 28, 2022. Ms. Tran was not present at the hearing. Barrios Investments presented the exhibits attached to its motion and the live testimony of Brent Barrios, a managing member of the company. He testified that Barrios Investments acquired 2600 Cerritas Via through a tax sale, and notice of Barrios Investments' acquisition of the property at the tax sale was sent to Ms. Tran on January 15, 2015 at the 2600 Cerritas Via address. Barrios Investments' attorney, Mark Boudreau, also provided live testimony. Mr. Boudreau testified that Ms. Tran was served through domiciliary service of the petition, and he was contacted by Ms. Tran at some point after filing the lawsuit. He attested that notice was sent; however, the certified letter was not delivered, and the first class mail was not returned.

At the conclusion of the hearing, the trial court granted Barrios Investments' motion for default judgment against Ms. Tran in open court. On the same date, the trial court rendered a written final default judgment. The trial court found that Barrios Investments proved its demand by evidence sufficient to establish a *prima facie* case and the noticing requirement of La. C.C.P. art. 1702(A) was satisfied with respect to Ms. Tran. The court further found that the tax sale evidenced by the tax sale certificate was valid with respect to Ms. Tran, and the requirements of due process were satisfied. The court granted Barrios Investments 100% undivided interest in any and all interest in the 2600 Cerritas Via property, quieted

Ms. Tran's interest in the property by terminating it, and declared Barrios Investments as the full owner. Barrios Investments was also granted the right to obtain a writ of possession consistent with its ownership rights. Ms. Tran now appeals the November 28, 2022 final default judgment and seeks to annul the tax sale.[4]

## ASSIGNMENTS OF ERROR

On appeal, Ms. Tran alleges that the trial court erred in entering a final default judgment in favor of Barrios Investments because the evidence presented was insufficient to prove compliance with Louisiana law. She further alleges that the trial court erred in quieting her ownership interest in the property and declaring Barrios Investments as the full owner.

## LAW AND ANALYSIS

### General Default Judgment Law

A defendant's failure to comply with Articles 1001 and 1002 of the Louisiana Code of Civil Procedure exposes the party to a judgment of default. *ASI Fed. Credit Union v. Leotran Armored Sec., LLC*, 18-341 (La. App. 5 Cir. 11/7/18), 259 So.3d 1141, 1148. The law and procedure governing default judgments allows for a default judgment to be entered against a properly served defendant, if he does not answer a petition or file other pleadings within the time prescribed by law. *See*, La. C.C.P. arts. 1702 and 1702.1. Pursuant to La. C.C.P. art. 1702(A)(1),

> If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, and the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record, a default judgment in favor of the plaintiff may be rendered, provided that notice that the plaintiff intends to obtain a default judgment is sent if required by this

---

[4] Although Ms. Tran seeks to annul the tax sale through the filing of the instant appeal, we note that an action to annul must be filed in the trial court in order to nullify a tax sale. *See*, La. R.S. 47:2286. Accordingly, we find that the filing of the instant appeal is not a timely filed action for nullity of the tax sale, and the nullification of the tax sale in this matter is not properly before us for consideration.

Paragraph, unless such notice is waived.

Generally, an appellate court's review of a default judgment is governed by the manifest error standard of review. *Libertas Tax Fund I LLC v. Mompoint*, 20-105 (La. App. 5 Cir. 10/5/20), 304 So.3d 581, 584, *writ denied*, 20-1387 (La. 1/26/21), 309 So.3d 348. However, when the court of appeal "finds that a reversible legal error or manifest error of material fact was made in the trial court, it is required to re-determine the facts *de novo* from the entire record and render a judgment on the merits." *Id*., quoting *ASI Fed. Credit Union v. Leotran Armored Sec., LLC*, 18-341 (La. App. 5 Cir. 11/7/18), 259 So.3d 1141, 1148. Although a presumption exists that the record supports a default judgment, the presumption does not exist when the record upon which the judgment is rendered indicates otherwise. *Id*.

In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. *Id*. Confirmation of a default judgment is similar to a trial. It requires, with admissible evidence, "proof of the demand sufficient to establish a *prima facie* case." *Id*. The elements of a *prima facie* case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. *Id*.

Service of Motion for Default Judgment

Ms. Tran alleges that the trial court erred by entering a final default judgment against her. She argues that the evidence presented at the hearing was insufficient to establish a *prima facie* burden to quiet her tax sale title. She contends that the October 19, 2022 letter Barrios Investments presented to show its notice to seek a default judgment against her was not accompanied with proof of where the letter was mailed, or that the notice was mailed, at least, seven days prior to the entry of the default judgment. As a result, Ms. Tran petitions this Court to vacate the final default judgment quieting her interest in the property and remand

the matter to the trial court for further proceedings.

Barrios Investments contends that Ms. Tran was not entitled to notice of its intent to file a motion for default because she did not make an appearance, and no attorney on her behalf made written contact with its attorney. It argues that, even if Ms. Tran was entitled to notice, out of an abundance of caution, its attorney mailed a letter notifying her by certified mail and first class mail to the correct mailing address. It avers the letter was mailed on October 19, 2022, and the default judgment was not entered until November 28, 2022, resulting in more than seven days between the mailing of the letter and the judgment.

La. C.C.P. art. 1702(A) provides the following regarding notice of the intent to obtain a default judgment:

> (1) If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, and the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record, a default judgment in favor of the plaintiff may be rendered, provided that notice that the plaintiff intends to obtain a default judgment is sent if required by this Paragraph, unless notice is waived. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence.

> (2) If a party who fails to answer has made an appearance of record in the case, notice that the plaintiff intends to obtain a default judgment shall be sent by certified mail to counsel of record for the party, or if there is no counsel of record, to the party, at least seven days before a default judgment may be rendered.

> (3) If an attorney for a party who fails to answer has contacted the plaintiff or the plaintiff's attorney in writing concerning the action after it has been filed, notice that the plaintiff intends to obtain a default judgment shall be sent by certified mail to the party's attorney at least seven days before a default judgment may be rendered.

> (4) In cases involving delictual actions where neither Subparagraph (2) or (3) of this Paragraph applies, notice that the plaintiff intends to obtain a default judgment shall be sent by regular mail to the party who fails to answer at the address where service was obtained at least seven days before a default judgment may be rendered.

Here, the record does not indicate that Ms. Tran was represented by an

attorney for this matter. Furthermore, the record fails to show that an appearance by Ms. Tran or an attorney on her behalf was made prior to the issuance of the final default judgment. As a result, Subsections (2) and (3) are inapplicable. Additionally, Subsection (4) is also inapplicable because the instant action to quiet a tax sale is not a delictual action. Nevertheless, Barrios Investments presented the trial court with an October 19, 2022 letter notifying Ms. Tran of its intent to obtain a default judgment. The letter was addressed to Ms. Tran at the 2600 Cerritas Via property. It also presented the testimony of its attorney that notice was sent to Ms. Tran through certified and regular mail, along with a copy of the tracking information for the certified mail. From this evidence, we find that the trial court properly deduced that Barrios Investments notified Ms. Tran of its intent to obtain a default judgment.

### *Prima Facie* Evidence

Ms. Tran alleges that the trial court erred in quieting her ownership interest and declaring Barrios Investments as the full owner of the property. She argues that reliance upon the tax sale certificate as *prima facie* evidence of a valid tax sale was misplaced. She contends that the tax sale certificate in the record does not contain her name as the owner of the property at the time of the tax sale. Ms. Tran further argues that the tax sale certificate relied upon by Barrios Investments shows it did not comply with the requirements of La. R.S. 43:203. She contends that Barrios Investments failed to present proof that a published newspaper notice was published, at least, 30 days prior to the date of the judicial sale; and, the only published newspaper notice evidenced in the record listed Todd and Karen Cruice as the property owners, instead of her.

Barrios Investments contends that the trial court properly entered the default judgment in its favor. Because no rebuttal evidence was presented at the default hearing by Ms. Tran, Barrios Investments avers the trial court was statutorily

required to conclude that the presentation of a certified copy of the tax sale certificate established its *prima facie* burden.

A default judgment concerning the quieting of a tax sale title, where the defendant contested the compliance of the evidence produced at the confirmation hearing with the constitutional and statutory requirements for the sale of immovable property for nonpayment of taxes, has recently been considered by this Court. In *NAR Solutions, Inc. v. Kuhn*, 21-256 (La. App. 5 Cir. 1/26/22), 365 So.3d 800, *reversed*, 22-425 (La. 12/9/22), 354 So.3d 1176, a successor tax-sale purchaser of immovable property filed a petition to confirm and quiet tax sale title and for declaratory judgment as to validity of the sale. No responses were filed to the petition by the defendant, and the successor purchaser filed a motion for entry of preliminary default, which was granted by the trial court. The successor purchaser subsequently sought confirmation of the preliminary default judgment. Evidence of the tax sale was presented to the trial court, which included a certified tax sale certificate that did not list all of the property owners at the time of the sale. The trial court granted the successor purchaser's motion and entered a default judgment against the defendant. The defendant appealed the granting of the final default judgment. *Id*. at 803-06.

On appeal, this Court found that the successor purchaser failed to introduce sufficient evidence into the record to support the preliminary default. We reasoned that the evidence was insufficient because nothing was produced to show that notice of the tax delinquency or the tax sale had been attempted or made upon all of the co-owners of the property at the time of the sale. We determined that the successor purchaser failed to establish a *prima facie* case to support a default judgment against the defendant, and the default judgment was vacated. *Id*. at 810. The supreme court granted writs in the matter. *Nar Solutions, Inc. v. Kuhn*, 22-425 (La. 5/24/22), 338 So.3d 45.

On review, the Louisiana Supreme Court reversed this Court's decision.

The court explained,

> The procedure to quiet title following a tax sale, "[a]fter expiration of the redemptive period," is set forth in La. R.S. 47:2266, which expressly states that "[i]f no proceeding to annul the sale has been instituted after the lapse of six months after the date of service of petition and citation, judgment **shall** be rendered quieting and confirming the title and the full ownership interest therein…." (Emphasis added.) [The successor purchaser] introduced as evidence in the instant action, inter alia, the official certified and duly recorded tax sale certificate as to the subject property, and La. R.S. 47:2155(B) provides that "[a] certified copy of the tax sale certificate is **prima facie** evidence of the regularity of all matters regarding the tax sale and the validity of the tax sale." (Emphasis added.)  See also La. Const. Art. VII, § 25(A) ("A tax deed by a tax collector shall be **prima facie** evidence that a valid sale was made." (emphasis added). "Therefore, the former property owner must then carry the burden of proving any defects in the tax adjudication proceedings." **Smitko v. Gulf South Shrimp, Inc.**, 11-2566, p. 11 (La. 7/2/12), 94 So.3d 750, 757-58.

*Kuhn*, 354 So.3d at 1178.  (Emphasis in original).

The supreme court found that, since the defendant took no action within the prescribed time to annul the tax sale, that failure was determinative; and the judgment of default rendered in favor the successor purchaser was proper.  *Id*.

In the case at bar, Barrios Investments presented a certified copy of the tax sale certificate for the 2600 Cerritas Via property in support of its motion for default judgment.  Despite the fact that Ms. Tran's name was not listed on the tax sale certificate, she was the sole property owner at the time the tax sale occurred. The record before us shows that Ms. Tran took no action within the prescribed time to annul the tax sale.  While the alleged deficiencies in the tax sale proceedings arising out of the 2011 tax year at issue—the year during which Ms. Tran purchased her home—are disquieting, we are constrained by *Kuhn*, *supra*. Because Ms. Tran failed to timely attempt to annul the tax sale, we find that her failure to do so was determinative.  The certified tax sale certificate, despite the fact that it failed to name Ms. Tran as the property owner and named Todd Cruice

and Karen Zartman instead, was *prima facie* evidence of the regularity of all matters regarding the tax sale and the validity of the tax sale for the 2600 Cerritas Via property.

Consequently, we find that Barrios Investments established a *prima facie* case by competent and admissible evidence, and the trial court was not erroneous in rendering a final default judgment against Ms. Tran that quieted her interest in the property. While we recognize that the result herein—the loss of Ms. Tran's home, for which she paid $155,000 in cash—is harsh, and considering the fact that Ms. Tran was not named in the tax sale proceedings, we are constrained by the Louisiana Supreme Court's instructions in *Kuhn*, *supra*.

## DECREE

For the foregoing reasons, we affirm the trial court's final default judgment in favor of Barrios Investments, LLC and against Linh Tran that quieted her interest in the 2600 Cerritas Via property and declared Barrios Investments, LLC as the full owner.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 20, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-CA-155**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
JAMES E. USCHOLD (APPELLEE)          MARK J. BOUDREAU (APPELLEE)          CONNIE P. TRIEU (APPELLANT)

### MAILED
PAUL W. PRITCHETT (APPELLEE)
ATTORNEY AT LAW
700 CAMP STREET
SUITE 317
NEW ORLEANS, LA 70130